UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-03754

AMBER ZAMORA,

        Plaintiff,

v.

COLORADO HOSPITALITY SERVICES, INC.,

        Defendant.

## COMPLAINT AND JURY DEMAND

Amber Zamora ("Plaintiff"), by and through her attorneys, HKM Employment Attorneys, LLP, for her Complaint and Jury Demand against Colorado Hospitality Services, Inc. (the "Company" or "Defendant"), states and alleges as follows:

### PRELIMINARY STATEMENT

1. This case arises from Plaintiff's employment with Defendant as a maintenance technician at one of Defendant's hotels, during which time Plaintiff was subjected to a hostile work environment based on her gender by a male coworker. Specifically, Plaintiff's male coworker subjected Plaintiff to daily harassment by, *inter alia*, criticizing her without cause, trying to send her home and fire her, sabotaging her work and deliberately preventing her from accessing tools she needed to do her job. Plaintiff verbally reported the harassment to management multiple times. Management did not take reasonable corrective action to stop the harassment and instead told Plaintiff the harassment was likely because the Company had never had a woman on the

maintenance crew.

2. On July 21, 2017, Plaintiff wrote a complaint to management regarding the gender-related harassment to which she was being subjected after her male coworker had, once again, tried to fire her for no reason. On Plaintiff's very next day at work, July 24, 2017, Plaintiff was terminated for fabricated performance issues while management claimed she was suddenly "not a good fit." Defendant's claimed reasons for terminating Plaintiff are mere pretext for discrimination based on her gender and/or retaliation for engaging in the protected activity of opposing gender discrimination.

## PARTIES

3. At all times relevant to this Complaint, Plaintiff is and was a resident of Colorado.

4. Defendant Colorado Hospitality Services, Inc. is a Colorado corporation with a principal office located at 10 E 120th Avenue, Northglenn, Colorado 80233.

## JURISDICTION AND VENUE

5. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

6. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the employment practices and other conduct alleged to be unlawful occurred in this District.

## ADMINISTRATIVE REMEDIES HAVE BEEN EXHAUSTED

8. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

9. Plaintiff filed her Charge of Discrimination Number 541-2017-01833 ("Charge") with the Equal Employment Opportunity Commission ("EEOC") for gender discrimination and retaliation against Defendant on or about August 18, 2017. Based on the evidence obtained during the investigation of the Charge, the EEOC determined there is reasonable cause to believe Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and that Plaintiff was harassed on the basis of her sex and terminated in retaliation for participating in protected activity.

10. Plaintiff was issued a Notice of Right to Sue with respect to the Charge on September 23, 2020, and Plaintiff filed the present action within ninety (90) days of receipt of same.

11. All administrative prerequisites have been met prior to filing this action.

## FACTUAL ALLEGATIONS

12. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

13. Plaintiff began working for Defendant in or around June 2017 on a renovation crew in a temporary position.

14. Around the time of her hire, Plaintiff asked Defendant's General Manager if there were any permanent positions available. Approximately a week later, Plaintiff accepted a full-time position on Defendant's maintenance crew.

15. At all relevant times, Plaintiff met or exceeded Defendant's legitimate performance expectations.

16. Immediately after Plaintiff was hired on to Defendant's maintenance crew,

Plaintiff's male coworker, Arturo Rodriguez, began harassing Plaintiff because of her gender.

17. For example, Mr. Rodriguez subjected Plaintiff to hostile, daily insults and criticism without cause, such as repeatedly claiming Plaintiff did not know what she was doing.

18. Mr. Rodriguez also locked up the maintenance and power tools Plaintiff needed to be able to do her job, so that only Plaintiff would not be able to access the tools.

19. Mr. Rodriguez also attempted to send Plaintiff home at least every other day and told Plaintiff on multiple occasions that she was fired, though he had no authority to send Plaintiff home or terminate her employment.

20. Plaintiff reported Mr. Rodriguez's gender-related harassment to management multiple times without recourse.

21. The Company's General Manager, Zena Ramirez, told Plaintiff that Mr. Rodriguez was not her boss and could not fire her. Ms. Ramirez also attempted to justify Mr. Rodriguez's behavior by telling Plaintiff, "we've never had a woman on the maintenance crew." Ms. Ramirez and another supervisor, Bard Selwyn, tried to assure Plaintiff that Mr. Rodriguez and the renovation crew he was working on would be leaving the hotel soon.

22. On or about July 17, 2017, after repeatedly reporting Mr. Rodriguez's harassment to management, Plaintiff reported to Mr. Selwyn, yet again, the gender-related harassment she was continuing to have to endure from Mr. Rodriguez. Plaintiff explained that Mr. Rodriguez would not give her access to any tools she needed to be able to fix a leak in one of the hotel rooms. Mr. Selwyn told Plaintiff that he would order the tools she needed to fix the leak, and that he would put a hold on the hotel room to make sure it was not reserved by a guest in the meantime.

23. The next day, the Company imposed a write-up on Plaintiff for purportedly failing

to fix the leak – even though Plaintiff had told management she could not fix the leak because Mr. Rodriguez had taken the tools she needed to be able to complete the repair. Despite Plaintiff's conversation with Mr. Selwyn on the previous day, wherein he told Plaintiff he would put a hold on the room so that it was not reserved until the leak was fixed; the room had been rented out to a guest.

24. Soon after the retaliatory write-up, on or about July 21, 2017, Mr. Rodriguez once again began aggressively telling Plaintiff she did not know how to do her job and to go home. Mr. Selwyn witnessed the harassment, yet he did nothing reasonably calculated to get the harassment to stop.

25. That same day, exasperated due to receiving no help from management, Plaintiff wrote a statement reporting the gender-related harassment to which she was being subjected by Mr. Rodriguez. Plaintiff specifically stated: "I believe [the harassment is] due to the fact that he may be against having a woman on the maintenance team."

26. Plaintiff gave her statement to management and asked that they give it to corporate as her formal complaint of harassment. Management looked displeased and then dismissively told Plaintiff, "yea, we'll get it to corporate."

27. Plaintiff's very next shift was on July 24, 2017. As Plaintiff was dropping off her walkie talkie at the end of her shift, Ms. Ramirez and Mr. Selwyn told Plaintiff they needed to talk to her. The Company suddenly told Plaintiff, "she was not a good fit" working at the hotel.

28. Plaintiff repeatedly asked why she was suddenly not a good fit. Management reluctantly claimed they had received a complaint from the Head of Housekeeping, Mr. Rodriguez's friend, saying that the repairs she completed did not turn out well. When Plaintiff

asked why the Head of Housekeeping was involved in evaluating her performance, Ms. Ramirez then claimed Plaintiff was being terminated because she was not doing any work at all.

29. Management's shifting and contradictory explanations for Plaintiff's termination are mere pretext for its decision to terminate Plaintiff due to her gender and/or in retaliation for engaging in the protected activity of reporting gender discrimination.

### FIRST CLAIM FOR RELIEF
**(Hostile Work Environment Based on Gender in Violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"))**

30. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

31. As a female, Plaintiff is a member of a protected class under Title VII.

32. Defendant subjected Plaintiff to a hostile work environment based on Plaintiff's gender and failure to conform to traditional gender stereotypes due to the above-described harassment Plaintiff was forced to endure; which was threatening, abusive, humiliating and so severe and pervasive as to detrimentally alter the terms and conditions of Plaintiff's employment.

33. Plaintiff reported the harassment and disparate treatment she was forced to endure multiple times to the appropriate authorities within the Company, and Defendant failed to initiate a reasonable investigation of the reports and/or to take appropriate prompt remedial action. As a result, the harassment continued and created a hostile work environment based on Plaintiff's gender and failure to conform to traditional gender stereotypes.

34. Defendant's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Plaintiff's equal rights under the law.

35. As a result of Defendant's above-described discriminatory actions, Plaintiff has

suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

**SECOND CLAIM FOR RELIEF**
**(Wrongful Termination Based on Gender in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)**

36. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

37. Plaintiff was otherwise qualified for her position on the Company's maintenance crew.

38. Defendant terminated Plaintiff based on her gender and/or her failure to conform to traditional gender stereotypes.

39. The reasons Defendant submits for terminating Plaintiff are false and pretext for unlawful discrimination based on gender and her failure to conform to traditional gender stereotypes.

40. Defendant's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Plaintiff's equal rights under the law.

41. As a result of Defendant's above-described discriminatory actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## THIRD CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII, 42 U.S.C. § 2000e, *et seq.*)

42. Plaintiff incorporates by reference the above paragraphs as though set forth fully and separately herein.

43. Plaintiff engaged in statutorily protected activity when she opposed a practice made unlawful by Title VII by internally reporting to management the gender-based harassment and hostile work environment she had been forced to endure during her employment.

44. Plaintiff engaged in the above-described protected activity because she had a reasonable and good faith belief that the gender based harassment she had been forced to endure was unlawful.

45. Defendant terminated Plaintiff's employment on July 24, 2017 for Plaintiff's above-described protected activity.

46. Defendant's conduct in subjecting Plaintiff to the above-described materially adverse employment actions is in violation of Title VII and had the effect of depriving Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

47. Defendant's above-described conduct was willful, wanton and/or committed with conscious and/or reckless indifference to Plaintiff's equal rights under the law.

48. As a direct and proximate result of Defendant's above-described retaliatory actions, Plaintiff has suffered damages, including lost wages and benefits, emotional pain and suffering, embarrassment, and inconvenience; and she is entitled to such general and special damages, economic damages, punitive damages and attorneys' fees and costs as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and order the following relief as allowed by law:

A.  Compensatory damages, including but not limited to those for garden variety emotional distress, inconvenience, and mental anguish;

B.  Back pay and benefits;

C.  Front pay and benefits;

D.  Punitive damages;

E.  Attorneys' fees and costs of this action, as permitted by law;

F.  Pre-judgment and post-judgment interest at the highest lawful rate; and

G.  Such further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted this 22nd day of December, 2020.

**HKM EMPLOYMENT ATTORNEYS, LLP**

By: *s/ Shelby Woods*
Claire E. Hunter
Shelby Woods
HKM Employment Attorneys, LLP
730 17th Street, Suite 750
Denver, Colorado 80202
chunter@hkm.com
swoods@hkm.com
*Attorneys for Plaintiff Amber Zamora*